NICOLÁS CORTÉS CÓRDOVA, Plaintiff and Appellee, *v.* ALFREDO CORTÉS ET AL., Defendants; FRANCISCA and ALFREDO CORTÉS, Appellants. BUENAVENTURA CORTÉS RÍOS, Intervener and Appellee.

No. 10541. Argued August 26, 1952.—Decided September 10, 1952.

*Enrique Igaravídez* for appellants. *E. Pérez Casalduc* for plaintiff-appellee. *Angel M. Ciordia* for intervener-appellee. *Celestino Iriarte* for Mrs. Ostolaza and sons.

MR. JUSTICE ORTIZ delivered the opinion of the Court.

In an amended complaint filed in the former District Court of Arecibo, hereinafter referred to as the Superior Court of Arecibo, Nicolás Cortés Córdova alleged that his father, Buenaventura Cortés, voluntarily recognized him as his natural child in a deed executed on September 15, 1943, pursuant to the provisions of Act No. 229 of 1942, in which deed the father stated that by virtue of the acknowledgment the plaintiff "shall enjoy all the rights and privileges granted by the laws in force to legally acknowledged children"; that his father died on October 9, 1948, leaving an open will, executed on August 27, 1948, wherein he designated as his sole and universal heirs his legitimate children, the defendants Alfredo and Francisca, known as Tomasa Cortés Rosario, and his recognized natural children, the other defendants Ventura, Angel Luis, Cristina, Angel Manuel, Antonio, Roberto, Arturo and Ernesto Cortés Ostolaza, omitting the plaintiff, to whom he left the right to bear his surname and a legacy consisting in a property of 10 cuerdas, and adjudicating other properties to his other children above mentioned,[1] executing a partition in the will; that said testamentary partition impaired plaintiff's legal portion inasmuch as the total value of the properties adjudicated exceeded $150,000. The amended complaint prays that the designation of heirship in the wills be declared null and void

---

[1] It is alleged in the amended complaint that the testator had made other testamentary provisions in subsequent wills executed on October 28, 1948, and September 1, 1948. Those subsequent wills do not affect the question involved herein.

and that the plaintiff be declared an heir in addition to the defendants; that the amount of the distributable inheritance, as well as plaintiff's share, be determined, and, furthermore, that the adjudications made to the other children be declared null and void and that, meanwhile, the latter pay to the plaintiff in cash the difference between his hereditary share and the value of the property bequeathed to him.

In their answer to the amended complaint the defendants Alfredo and Francisca Cortés Rosario accepted that the plaintiff had been recognized by voluntary action in the deed of September 15, 1943, in the manner set forth in the complaint, but deny that he had the status of an acknowledged natural child under the Acts in force on the date of the predecessor's death, although they accepted that in the deed of will executed on August 27, 1948, the testator referred to the plaintiff as "an adulterine child of the testator and to whom he granted the right to bear his surname." Said two defendants also accepted that the will in question recognized plaintiff's right to bear the surname and that he was awarded therein, as a legacy, the aforesaid property of 10 cuerdas. They denied that the testamentary partition impaired plaintiff's legal portion and denied that the estate was worth $150,000 and that the property bequeathed to the plaintiff was worth $2,000. The other defendants did not answer.

After the amended complaint had been filed and before the answer to which we have referred had been presented, Buenaventura Cortés Ríos, another alleged child of the predecessor Buenaventura Cortés, filed, with the court's permission, a third party complaint in which he alleged that he was born on December 19, 1921; that he is an acknowledged natural child of Buenaventura Cortés, who recognized him voluntarily in the record made in the Civil Registry, which fact appears in the birth certificate of the intervener; that the predecessor executed a will on August 27, 1948, designating as his sole and universal heirs the same persons sued by

Nicolás Cortés, but entirely omitting the intervener, and that the total value of the inheritance estate exceeds $170,000. The third party complaint prays that the intervener be declared a natural child of Buenaventura Cortés; that the designations of heirship be declared null and void because of the intervener's preterition; that the defendants, the recognized natural child Nicolás Cortés Córdova and the intervener Buenaventura Cortés Ríos be declared sole and universal heirs; and reiterates the prayers contained in Nicolás Cortés's amended complaint.

In their opposition to the motion for intervention, the defendants Alfredo and Francisca Cortés Rosario stated that they "Deny that Buenaventura Cortés Ríos was voluntarily recognized by Buenaventura Cortés, although they accept the existence of an affidavit made by said predecessor allegedly having that scope, which scope the appearing de-defendants refuse to admit; and deny that said intervener was recognized in any Birth Certificate whatsoever."

In the answer to the third party complaint of the defendants Alfredo and Francisca Cortés Rosario [2] they state:

"3. They accept that Buenaventura Cortés Ríos was born in Manatí, Puerto Rico, on December 19, 1921, although they deny the existence of any valid acknowledgment made by Buenaventura Cortés to the effect that the intervener enjoys the status of a recognized natural child, and on the contrary allege that any act of acknowledgment executed by Buenaventura Cortés in connection with said child was for the sole purpose of giving said child a surname and never for the purpose of making him an acknowledged natural child, which he never was of the aforesaid Buenaventura Cortés; the defendants Alfredo and Francisca Cortés Rosario finally alleging that the aforesaid Buenaventura Cortés Ríos has no hereditary rights in Buenaventura Cortés inheritance.

"4. It is admitted that in the open will executed by Buenaventura Cortés on August 27, 1948, before Notary Valentín Polanco de Jesús, the intervener Buenaventura Cortés Ríos was

---

[2] The other defendants did not answer the third party complaint.

not mentioned at all as an heir or party having any interest in Buenaventura Cortés's inheritance; and this, the defendants Alfredo and Francisca Cortés Rosario claim, was due to the fact that the above-mentioned Buenaventura Cortés Ríos has no hereditary rights in the aforesaid inheritance."

Subsequently, that is, on July 28, 1950, the plaintiff Nicolás Cortés Córdova filed a motion for summary judgment, under Rule 56 of the Rules of Civil Procedure, alleging that Nicolás Cortés was acknowledged as a natural child of Buenaventura in a public deed executed on September 15, 1943, a copy of which was attached to the record of a judicial administration proceeding pending in the lower court, wherein Nicolás Cortés was a petitioner and the defendants had appeared, and that all the other defendants, except Alfredo and Francisca Cortés Rosario, had not answered Nicolás Cortés's amended complaint nor Buenaventura Cortés Ríos's third party complaint. As to the latter, the motion for summary judgment recites that the plaintiff Nicolás Cortés joins the intervener in praying the court to grant the request contained in the third party complaint, on the ground that the intervener's status as a natural child has been proved with a certified copy of his birth record and with a photostatic and certified copy of the affidavit made by Buenaventura Cortés (senior) before a notary, on October 17, 1947. The motion prays for a declaratory judgment, under Rule 56, annulling the wills executed by Buenaventura Cortés; declaring that the plaintiff Nicolás Cortés and the intervener Buenaventura Cortés Ríos (in addition to the other defendants) are heirs and ordering all necessary and proper proceedings in order that the inheritance left by Buenaventura Cortés be distributed in accordance with the acts in force on the date of his death, to wit, October 9, 1948.

The motion for summary judgment was heard on August 11, 1950. All the parties, save the intervener, appeared although, subsequently, on August 21, he filed a motion subscribing to plaintiff's motion for summary judgment.

Counsel for the other defendants, with the exception of Alfredo and Francisca Cortés, appeared at the hearing of the motion for summary judgment and orally stated that Nicolás Cortés and Buenaventura Cortés Ríos were heirs, and that those defendants only prayed for the partition of the inheritance. The plaintiff Nicolás Cortés presented documentary evidence to prove that he as well as Buenaventura Cortés Ríos were acknowledged natural children. The documents offered and admitted by the court and which were attached to the record of the proceeding for the judicial administration of Buenaventura Cortés's estate were the following:

(1) Deed of acknowledgment of natural child executed by the predecessor in favor of Nicolás Cortés Córdova, dated September 15, 1943, before notary Valentín Polanco de Jesús, which reads:

"FIRST: Ventura Cortés, divorced, declares that availing himself of the right granted to him by Section two of Act number two hundred and twenty-nine, enacted by the Legislature of Puerto Rico on May twelfth, nineteen hundred and forty-two, he recognizes as his natural child born out of wedlock and prior to the effectiveness of said Act the other party Nicolás who was born in Ciales on August ninth, nineteen hundred and fourteen, as a result of a love affair between the appearing party Ventura Cortés and Nicolás mother, named Narcisa Córdova, and who registered him in the Civil Registry of Ciales at page 317 of book 5 of births, record number 725, born on said date in the Hato Viejo ward of Ciales. By virtue of this acknowledgment the appearing party Nicolás shall hereinafter be called Nicolás Cortés Córdova and shall enjoy all the rights and privileges granted by the laws in force to natural children legally acknowledged.

"ACCEPTANCE

"Nicolás Cortés Córdova accepts the acknowledgment of his father Ventura Cortés."

(2) Deed of open will, executed by the predecessor on August 27, 1948, which recites in part as follows:

"He bequeathes to Nicolás Cortés Córdova, an adulterine child of the testator and to whom he granted the right to bear his surname, a ten-cuerda parcel of land segregated from a property he owns in the Hato Viejo ward of Ciales, bounding on lands belonging to Juana Ostolaza and to Juan Ramón Ramos; which boundaries are known to his testamentary heirs to whom he orders to deliver said legacy to the aforesaid Nicolás."

(3) The other wills above mentioned.

(4) An affidavit made by Buenaventura Cortés (affixing a cross authenticated by a witness), before Notary J. Rodríguez Bonhomme on October 17, 1947, wherein Buenaventura Cortés declares that, pursuant to the provisions of Act No. 229, approved May 12, 1942, and Act No. 117 approved May 12, 1943, he acknowledges Buenaventura Cortés Ríos as his natural child "entitled to bear my surname." This document was a photostatic copy of the original certificate filed in the General Registry of Vital Statistics of Puerto Rico.

(5) Buenaventura Cortés Ríos's birth certificate which contains a marginal note of Buenaventura Cortés' affidavit, that is, of the foregoing document.

After the hearing the Superior Court of Arecibo granted the motion for summary judgment and rendered judgment declaring both Nicolás Cortés and Buenaventura Cortés Ríos natural children validly acknowledged under Act No. 229 of 1942, as amended by Act No. 243 of 1945, with all rights appurtenant thereto; that Buenaventura Cortés Ríos was omitted in the aforesaid wills and that, therefore, the designation of heirs contained in those wills is null and void, the intestate succession being opened and the distribution of the inheritance ordered among all the defendants and the plaintiff and the intervener, share and share alike, subject to any legacies and betterments insofar as they are not inofficious. The judgment provided for the liquidation and partition of the estate in the judicial administration proceeding pending in that same court of Arecibo. All the defendants were

ordered to pay costs and the two defendants who appeared were ordered to pay $150 as attorney's fees to both the plaintiff and the intervener.

The defendants Alfredo and Francisca Cortés Rosario appealed from that judgment to this Court and assigned the following errors:

"FIRST.—The lower court erred in rendering summary judgment in this case under Rule 56 of the Rules of Civil Procedure, there being a genuine issue as to a material fact between the parties.

"SECOND.—The lower court erred in rendering judgment in favor of the plaintiff, granting him a relief to which he was not entitled.

"THIRD.—The lower court erred in discussing presumptive rights of Buenaventura Cortés Ríos, an intervener whose right to intervene was challenged, who filed no motion for summary judgment, who did not appear, nor submit any question to that court for decision at the hearing held on August 11, 1950.

"FOURTH.—The lower court erred in declaring Nicolás Cortés Córdova and Buenaventura Cortés Ríos acknowledged natural children and forced heirs of the predecessor Buenaventura Cortés.

"FIFTH.—The lower court erred in holding that the legacies and bequests were inofficious, which question of fact was not submitted either to the court for decision, and which the court was estopped from deciding upon a motion for summary judgment.

"SIXTH.—The decision of the lower court is contrary to the law and the decisions."

■ From the allegations of the parties, from the admissions of the defendants in their allegations and from the unchallenged documentary evidence presented during the hearing of the motion for summary judgment it is quite clear that the plaintiff Nicolás Cortés as well as the intervener Buenaventura Cortés Ríos were validly and legally recognized by their father Buenaventura Cortés as his natural children. Nicolás Cortés was acknowledged in a public deed of acknowledgment of natural child executed before a

notary on September 15, 1943, for that sole purpose. He was also recognized as such in the deed of will executed by the predecessor before a notary on August 27, 1948. The intervener Buenaventura Cortés Ríos was recognized as Buenaventura Cortés's natural child in an affidavit made by Buenaventura Cortés himself, which affidavit was referred to in the intervener's birth certificate. An acknowledgment of natural child executed in a public deed or will or affidavit is a valid acknowledgment under the provisions of Act No. 229 of 1942 as amended by Act No. 243 of May 12, 1945, and is tantamount to the "voluntary action" required by said Acts for such acknowledgment. Section 2 of Act No. 229 of 1942 as amended by Act No. 243 of 1945 provides:

"Section 2.—Children born out of wedlock prior to the date this Act takes effect, and who lack the qualifications of natural children according to previous legislation, may be recognized for all legal purposes by the voluntary action of their parents, and in their default, by that of the persons having the right to inherit therefrom. These children will be legitimized by the subsequent marriage of the parents, to each other.

"In case the children referred to in this Section are not recognized by the voluntary action of their parents, and in default of the latter, by that of the persons having the right to inherit therefrom, said children shall be considered as natural children for the sole purpose of bearing the surname of their parents. The action for this recognition shall be prosecuted in accordance with the procedure fixed by the Civil Code of Puerto Rico for the recognition of natural children; *It being understood, however,* that such a recognition shall only have the scope herein expressed."

The voluntary action of the parent mentioned in said § 2 requires the acknowledgment by the father in the birth certificate or the execution by the presumptive father of a will or any other public document in which he expressly recognizes the child. *Correa* v. *Heirs of Pizá,* 64 P.R.R. 938; *Elicier* v. *Heirs of Cautiño,* 70 P.R.R. 407, 411; § 125 of the Civil Code, 1930 ed. In *Ramos* v. *Rosario,* 67 P.R.R.

641, it was held that pursuant to Act No. 117 of 1943, amending Act No. 24 of 1931, an affidavit made by the father or the mother acknowledging as his or hers a child, and the presentation of said document in the Registry of Vital Statistics is sufficient to invest the child with the status of a recognized natural child of the father or mother who subscribed the affidavit. In *Rossy v. Martínez*, 70 P.R.R. 703, the presumptive father of the plaintiff, an allegedly adulterine child, acknowledged the latter in an affidavit and in a will, but both documents were subscribed and executed prior to the effectiveness of Act No. 229 of 1942. It was held that since the Act is prospective, not retroactive, such an acknowledgment did not meet the requirements of that Act. However, in the case at bar the public documents which resulted in the acknowledgment of the plaintiff and of the intervener were executed subsequent to the date on which said Act went into effect. Therefore, *Rossy v. Martínez, supra,* is not applicable hereto and, pursuant to its own terms, Act No. 229 of 1942, as amended, is applicable.

██ Under Act No. 229 of 1942, as amended by Act No. 243 of 1945, the plaintiff and the intervener have the status of acknowledged natural children. Under Act No. 448, approved May 14, 1947, which was in force on the date of their predecessor's death, and which amended § 902 of the Civil Code, the hereditary estate of Buenaventura Cortés must be divided, share and share alike, among all the legitimate and the recognized natural children, namely, among all the defendants and the plaintiff Nicolás Cortés and the intervener Buenaventura Cortés Ríos, subject, of course, to the legacies and bequests insofar as they are not inofficious. Now, in the deed of acknowledgment of September 15, 1943, the predecessor recognized Nicolás Cortés as his natural child and provided that said Nicolás Cortés would enjoy all the rights and privileges recognized by the Acts in force to legally acknowledged natural children. In the will of Aug-

ust 27, 1948, he says that he had granted Nicolás Cortés the right to bear his surname. In the affidavit of October 17, 1947, the predecessor recognized Buenaventura Cortés Ríos's "right to bear my surname." The fact that, after acknowledging the plaintiff and the intervener, the predecessor indicated in these last two documents that they were entitled to bear his surname does not mean that they are exclusively limited to bear Buenaventura Cortés's surname. Act No. 229 of 1942 itself, as amended, limits the right of children, who previously lacked the qualifications of natural children, to merely bear the surname of their parents, to those children who are not recognized by the voluntary action of their parents. Therefore, children recognized by the voluntary action of their parents, as is the case here, are entitled, not only to bear the surname of their parents, but also to the hereditary portion determined by law. The mere fact of the acknowledgment implies the legal consequences we have mentioned and the predecessor may not, by statement, curtail or limit such legal consequences, nor cut down the hereditary rights of his natural children validly recognized, just as a testator can not deprive forced heirs of their legal portion. Once the father validly recognized those two children, he could not by himself limit the scope of the Act.

The plaintiff Nicolás Cortés was not included in the wills as an heir, but he was left a legacy. Sections 742 and 743 of the Civil Code 1930 ed., provide:

"Section 742.—The omission of any or of all the lawful heirs in the right line whether they be living at the time of the execution of the will or whether they are born after the death of the testator shall annul the institution of an heir, but trusts and advantages or extra portions shall be valid whenever they are not inofficious.

"The omission of the surviving husband or wife does not annul the nomination of the heir, but the omitted party shall preserve the rights which this Code gives to him. If the omitted lawful heir shall die before the testator, the nomination of an heir shall have effect.

"Section 743.—The heir by force of law to whom the testator has left, for any reason whatsoever, less than the legal portion due him may demand the fulfilment thereof."

Where an heir is not included in a will, but something is left to him, there is no preterition, the institution of heirs is not avoided and § 742 of the Civil Code is not applicable. *Sosa* v. *Sosa*, 66 P.R.R. 573. Manresa, in his *Comentarios al Código Civil Español*, Vol. 6, p. 349, 6th ed., says:

"*The omission must be complete.*—This requirement can be deduced from Section 814 itself, and is evident when it is read together with Section 815. The forced heir to whom the testator leaves something by any title in his will, is not really omitted, since he is designated and his participation in the inheritance is recognized. It might be argued in § 814 whether or not it was necessary to recognize the right of the heir as such heir, but § 815 dispels this doubt. The former Section deals with total omission, the latter with partial omission. Their effects ought to be and are, as we shall see, completely different."

In the latter case the heir who is not included in the will as an heir, but to whom a legacy is left, may rely on § 743 of the Civil Code and demand the fulfillment of his legal portion (by means of an "expletory or *ad suplementum*" action) without annulling the designation of heirship. Manresa, *op. cit.* pp. 357, 361; Judgments of the Supreme Court of Spain of February 21, 1900, and May 25, 1917.

Nevertheless, although in the case of the plaintiff Nicolás Cortés there was no preterition, the intervener and heir Buenaventura Cortés Ríos was entirely omitted in the wills. Not only was he not included as an heir but in addition nothing whatsoever was left to him nor was he even mentioned. He was entirely omitted and, therefore, § 742 of our Civil Code is applicable. The preterition of a single heir does not avoid the entire will, but it implies the entire nullity of the institutions of heirs and opens the intestate succession which takes place as to all the heirs, although sub-

ject to the legacies and bequests when they are not inofficious. *Junghanns* v. *Cornell University*, 71 P.R.R. 630; *Ortiz* v. *Bermúdez*, 70 P.R.R. 674; *Semidey* v. *Viqueira*, 53 P.R.R. 445; *Iturrino* v. *Iturrino*, 24 P.R.R. 439; Manresa, *op. cit.*, p. 349, 5 Valverde, *Tratado de Derecho Civil*, pp. 319–21; 6 (2) Sánchez Román, *Derecho Civil*, pp. 1133, 1141.

The legitimate or intestate succession takes place given the omission of the heir Buenaventura Cortés Ríos and the annulment of the designations of heirs, and said heir, namely, the intervener, is entitled to succeed *ab intestato* together with the other heirs, either forced or entitled by law to inherit, but the wills remain in force as to the free third, and the legacies and bequests which are not inofficious are valid. Sánchez Román, *op. cit.*, p. 1141.

 Since an intestate succession took place as to the heirs, the court *a quo* acted correctly not only in decreeing that the plaintiff and the intervener are heirs entitled to share in the inheritance equally with all the defendants, but also in ordering the partition within the judicial administration proceeding pending in that same court.

Under § 556 of the Code of Civil Procedure (§ 23, Special Legal Proceedings Act), judicial administration lies in an intestate succession or when the will, if any, is not valid. Moreover, § 875 of our Civil Code is applicable hereto. By virtue of said Section the legitimate or intestate succession takes place, among other cases, when the will is void or when it does not contain the designation of heirship to all or part of the property. This happens when there is preterition. Sánchez Román, *op. cit.*, p. 1173; 7 Manresa, *op. cit.*, p. 53.

Judicial administration is an adequate proceeding to effect the partition among the heirs and legatees involved herein. The action filed here has served to determine the status and the general hereditary rights of the plaintiff and of the intervener. The summary judgment ended this suit and now the partition must take place in the judicial admin-

istration proceeding. The recipients of legacies and bequests which are not inofficious shall, of course, be entitled to appear and to enforce their valid rights in that proceeding, and every defendant shall have a fair opportunity in connection with the partition.

Incidentally, in his amended complaint Nicolás Cortés makes an allegation as to the value of the hereditary estate and prays that the distributable amount of the estate left by Buenaventura Cortés be determined and that the division of the inheritance be ordered. However, in his motion for summary judgment the plaintiff prays for a proper judicial determination of his status and general hereditary rights and requests that all necessary and proper proceedings be ordered so that the estate left by Buenaventura Cortés be distributed in accordance with the Acts in force on the date of the latter's death. Plaintiff changed the nature of his request and prays no longer that the value of the estate be determined and the partition made in this particular litigation. Appellants claim that summary judgment does not lie here, inasmuch as there is a conflict as to the value of the estate. It is true that the averments of the parties as to the amended complaint and the third party complaint contain a conflict in that connection. It is likewise true that upon making the findings on which it based its judgment, the lower court said:

"Were the legacies and betterments made by the testator to be paid in whole or in part, the natural as well as the legitimate children would be prejudiced."

That finding is not supported by the evidence. However, the dispositive part of the judgment does not mention or determine anything as to the value of the estate of the predecessor, nor as to the value of the betterments and legacies, nor as to the concrete value of the hereditary share of the children. All that is left to be decided in the judicial administration proceeding. Therefore, the preceding statement

658

of the lower court must be considered as surplusage. Upon ordering that the partition take place in the judicial administration proceeding, it did not settle the conflict as to the value of the property.

██ We need only consider now the allegation of the appellants to the effect that the court *a quo* erred in determining the rights of the intervener who did not move for summary judgment. The record discloses that the lower court validly gave Buenaventura Cortés Ríos permission to intervene; that the plaintiff Nicolás Cortés filed his motion for summary judgment invoking his rights and those of the intervener, and that the latter subsequently made his the motion for summary judgment. That error was not committed.

The judgment appealed from will be affirmed.

Mr. Chief Justice Todd, Jr., did not participate herein.

MR. JUSTICE NEGRÓN FERNÁNDEZ, concurring.

I concur. However, the ratification under the authority of *Correa* v. *Heirs of Pizá*, 64 P.R.R. 938; *Elicier* v. *Heirs of Cautiño*, 70 P.R.R. 407 and *Rossy* v. *Martínez*, 70 P.R.R. 703, of the rule discussed in said decisions to the effect that the *voluntary action* of the father contemplated by § 2 of Act No. 229 of May 12, 1942, thereafter amended by Act No. 243 of May 12, 1945, requires the recognition by the father in the birth certificate or execution by the latter of a will or other public instrument in which he expressly acknowledges the child, compels me to reiterate here my view against said doctrine, as the same appears in my dissenting opinion in the aforesaid case of *Elicier* v. *Heirs of Cautiño*.

I agree with the opinion of the Court notwithstanding that it heeds the said rule, inasmuch as the result of the instant case does not hinge on the application of said rule to the factual situation involved herein. The voluntary acts

of acknowledgment on which the cause of action exercised in this action is predicated, appear from documents which raised no conflict save the limited effect of said recognitions. And on this point, as well as on all other points not related therewith, I agree with the opinion of the Court.